IN THE CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AK"
CASE NO.: 50-2026-CA-009024-XXXA-MB

DR JIMMY LAFAILLE DNP FNP C PMHNP BC,
Plaintiff/Petitioner

vs.

SHERRON FRANKS MEEKS,
DOROTHY DELISFORT CRISOSTOMO,
FRAN JOHNSON,
et al.,
Defendant/Respondents.

______________________________________/

**ORDER DENYING AS MOOT PLAINTIFF'S EMERGENCY MOTION TO TRANSFER PROCEEDINGS FROM COUNTY COURT TO CIRCUIT COURT AND ORDER DIRECTING PLAINTIFF TO REVIEW DIVISION AK'S DIVISIONAL INSTRUCTIONS REGARDING THE FILING OF EMERGENCY MOTIONS**

**THIS CAUSE** came before the Court for review on August 12, 2026. Based upon review of the Emergency Motion to Transfer Proceedings from County court to Circuit Court, a complete review of the court file, and the Court being otherwise fully advised in the premise, the Court finds as follows:

1. Plaintiff filed the present case and immediately filed an emergency motion to transfer the case from County Court to Circuit Court.
2. The docket reflects the matter was filed in the Circuit Court by the Clerk, rendering the motion moot. However, the docket reflects the Plaintiff must still pay the filing fee.
3. Moreover, this Motion does not constitute an emergency as defined by this Court's divisional instructions which state that emergency motions are those which concerns situations were **"irreparable harm is likely to result if the motion is not given prompt attention."**
4. Plaintiff shall ensure that future filings comport with the divisional instructions, and avoid filing motions on an emergency basis unless they meet the above criteria.

**ORDERED AND ADJUDGED** that the Emergency Motion to Transfer Proceedings from County court to Circuit Court is DENIED as Moot. Plaintiff shall review the Court's divisional instructions..

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida.

50-2026-CA-009024-XXXA-MB 08/12/2026
James Sherman Judge

50-2026-CA-009024-XXXA-MB 08/12/2026
James Sherman
Judge

**COPIES TO:**

| | | |
|---|---|---|
| DOROTHY DELISFORT CRISOSTOMO | 110 MERRICK WAY S 3B<br>CORAL GABLES, FL 33134 | rjd@jpfitzlaw.com |
| DR JIMMY LAFAILLE DNP FNP C PMHNP BC | 1489 W PALMETTO PARK ROAD S410<br>BOCA RATON, FL 33486 | JimmyLafaille@att.net |
| FRAN JOHNSON | 110 MERRICK WAY S 3B<br>CORAL GABLES, FL 33134 | rjd@jpfitzlaw.com |
| JIMMY LAFAILLE | No Address Available | jimmylafaille@att.net<br>drjlafaille@gmail.com |
| SHERRON FRANKS MEEKS | 110 MERRICK WAY S 3 B<br>CORAL GABLES, FL 33114 | No E-mail Address Available |
| ST THOMAS UNIVERSITY INC | 110 MERRICK WAY SUITE 3B<br>CORAL GABLES, FL 33134 | No E-mail Address Available |

IN THE CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AK"
CASE NO.: 50-2026-CA-009024-XXXA-MB

DR JIMMY LAFAILLE DNP FNP C PMHNP BC,
Plaintiff/Petitioner

vs.

SHERRON FRANKS MEEKS,
DOROTHY DELISFORT CRISOSTOMO,
FRAN JOHNSON,
et al.,
Defendant/Respondents.

______________________________________/

**ORDER DENYING AS MOOT PLAINTIFF'S EMERGENCY MOTION TO TRANSFER PROCEEDINGS FROM COUNTY COURT TO CIRCUIT COURT AND ORDER DIRECTING PLAINTIFF TO REVIEW DIVISION AK'S DIVISIONAL INSTRUCTIONS REGARDING THE FILING OF EMERGENCY MOTIONS**

**THIS CAUSE** came before the Court for review on August 12, 2026. Based upon review of the Emergency Motion to Transfer Proceedings from County court to Circuit Court, a complete review of the court file, and the Court being otherwise fully advised in the premise, the Court finds as follows:

1. Plaintiff filed the present case and immediately filed an emergency motion to transfer the case from County Court to Circuit Court.
2. The docket reflects the matter was filed in the Circuit Court by the Clerk, rendering the motion moot. However, the docket reflects the Plaintiff must still pay the filing fee.
3. Moreover, this Motion does not constitute an emergency as defined by this Court's divisional instructions which state that emergency motions are those which concerns situations were "**irreparable harm is likely to result if the motion is not given prompt attention**."
4. Plaintiff shall ensure that future filings comport with the divisional instructions, and avoid filing motions on an emergency basis unless they meet the above criteria.

**ORDERED AND ADJUDGED** that the Emergency Motion to Transfer Proceedings from County court to Circuit Court is DENIED as Moot. Plaintiff shall review the Court's divisional instructions..

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida.

50-2026-CA-009024-XXXA-MB 08/12/2026
James Sherman Judge
ADMINISTRATIVE OFFICE OF THE COURT

50-2026-CA-009024-XXXA-MB 08/12/2026
James Sherman
Judge

**COPIES TO:**

| | | |
|---|---|---|
| DOROTHY DELISFORT CRISOSTOMO | 110 MERRICK WAY S 3B<br>CORAL GABLES, FL 33134 | rjd@jpfitzlaw.com |
| DR JIMMY LAFAILLE DNP FNP C PMHNP BC | 1489 W PALMETTO PARK ROAD S410<br>BOCA RATON, FL 33486 | JimmyLafaille@att.net |
| FRAN JOHNSON | 110 MERRICK WAY S 3B<br>CORAL GABLES, FL 33134 | rjd@jpfitzlaw.com |
| JIMMY LAFAILLE | No Address Available | jimmylafaille@att.net<br>drjlafaille@gmail.com |
| SHERRON FRANKS MEEKS | 110 MERRICK WAY S 3 B<br>CORAL GABLES, FL 33114 | No E-mail Address Available |
| ST THOMAS UNIVERSITY INC | 110 MERRICK WAY SUITE 3B<br>CORAL GABLES, FL 33134 | No E-mail Address Available |

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AF"
CASE NO.: 502026CA009006XXXAMB

JIMMY LAFAILLE,
Plaintiff/Petitioner

vs.

OPTUM PAY LLC, THE TFA
DEPARTMENT OF OPTUM,
UNITEDHEALTH GROUP INC,
Defendant/Respondents.
_______________________________________/

**UNIFORM DIFFERENTIATED CASE MANAGEMENT ORDER AND ORDER SETTING TRIAL**
(DCMGJT)

**THIS MATTER** is a Circuit Civil case calling for a jury trial. Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.250(a)(1)(B) and 2.545(b), and Fifteenth Judicial Circuit Administrative Order 3.110 (as amended), **Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent with the initial Complaint/Petition and Summons**.

It is hereby **ORDERED AND ADJUDGED** that this case is designated to the **GENERAL TRACK** for time to disposition. The deadlines and procedures set forth in this Order will be strictly enforced unless changed by court order.

Consistent with the Professionalism Expectations of the Florida Supreme Court and the Florida Bar, the parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements. Self-Represented/*Pro Se* Litigants (i.e., those without counsel) are held to the same procedural and legal obligations as are imposed upon counsel.

## I. SCHEDULING

### A. Calendar Call

**YOU MUST APPEAR FOR A MANDATORY CALENDAR CALL on April 19, 2028 at 9:00 am**. The parties must be ready to try the case by that date. The actual trial period begins on the docket associated with this Calendar Call date as provided in Divisional Instructions or by court order.

Calendar Call may be conducted in person, via Zoom or by e-calendar. All parties are instructed to review the Court's Divisional Instructions for specific procedures at www.15thcircuit.com/divisions.

At the Calendar Call, the Court may conduct a final case management conference. Attorneys who appear for Calendar Call must be prepared on all pending matters and have authority to make representations to the Court and enter into binding agreements concerning motions, issues, and scheduling. These include issues raised by the parties' Pre-Trial Stipulation; trial procedures; jury selection procedures; jury instructions and objections; and the need for any special equipment, courtroom facilities, or interpreters. An appearing attorney must be prepared to advise the Court of all attorneys' availability for trial and future hearings as necessary.

**This Order serves as notice to the parties that failure to attend Calendar Call will result in an Order of Dismissal without prejudice, or entry of default, without further notice or hearing. *See* Fla. R. Civ. P. 1.200(j)(6).**

B. **Case Management Deadlines**

The following deadlines strictly apply unless otherwise modified by the Court:

| | **EVENTS** | **COMPLETION DEADLINE** |
|---|---|---|
| 1. | Service of Complaint | December 9, 2026; service under extension is only by court order. |
| 2. | Answer and/or initial motions/objections directed to the pleadings (i.e. to dismiss or strike) | 20 days after service |
| 3. | Initial Discovery Disclosures | 60 days after service |
| 4. | Amendment of pleadings/Adding parties | April 18, 2027 |
| 5. | Resolution of all motions/objections directed to the pleadings and pleadings closed | June 7, 2027 |
| 6. | Disclosure of Expert Witness(es) | October 2, 2027 |
| 7. | Disclosure of Rebuttal Experts | November 1, 2027 |
| 8. | Inspections, Expert Witness Depositions and Compulsory Examinations completed | January 20, 2028 |
| 9. | File Witness & Exhibit Lists | January 30, 2028 |
| 10. | Completion of Discovery relating to Summary Judgment and *Daubert* Motions | January 20, 2028 |
| 11. | File and Serve Motion(s) for Summary Judgment and *Daubert* Motions | January 30, 2028 |
| 12. | File Rebuttal Witness Lists | February 19, 2028 |
| 13. | Completion of All Discovery | March 10, 2028 |
| 14. | Pre-Trial Meet & Confer | March 20, 2028 |
| 15. | File all Pre-Trial Motions (i.e. Motions in Limine) | March 20, 2028 |
| 16. | Deadline for Mediation | April 9, 2028 |
| 17. | Deposition Designations | April 9, 2028 |

| | | |
|---|---|---|
| 18. | File Joint Pre-Trial Stipulation | April 9, 2028 |
| 19. | Deadline to hear ALL Motions | April 14, 2028 |
| 20. | Jury Instructions and Verdict Form | April 16, 2028 |
| 21. | Calendar Call/Trial Ready Date | April 19, 2028 |
| 22. | Trial Period | Begins on the docket associated with the above Calendar Call date, as provided in Divisional Instructions or by court order. |

**Note: If the above deadlines fall on a weekend or holiday, please refer to Fla. R. Gen. Prac. & Jud. Admin. 2.514.**

The parties are expected to actively manage the case and to confer early and often to ensure compliance with the Florida Rules of Civil Procedure and this order in timely resolving this case. **The parties are encouraged to file, meet, and make disclosures prior to the deadlines imposed above, in order to ensure compliance with the Rules requiring timely disposition of cases.**

The Court may, at any time, modify this Order by entry of: 1) an Amended Trial Order, 2) an Amended Case Management Order; or 3) any other Order intended to establish a modified case resolution schedule, any of which shall supersede the deadlines set forth in this Order. The Court reserves the authority to expedite the trial setting and amend pretrial deadlines accordingly. The Court further retains its discretion to modify any provision herein.

## C. Motions

Unless court approval is required to set a particular motion for hearing, the parties must expeditiously set all contested motions for hearing. All non-dispositive motions, including motions directed to the pleadings, must be scheduled for hearing within **five (5) days** of filing. Parties shall schedule the hearing for the first vacancy on the Court's docket when all parties are available. **Failure to schedule a hearing within five (5) days may result in the Court deeming the motion(s) abandoned without further notice or hearing.**

The moving party shall be the party responsible for securing the presence of a court reporter. The moving party shall advise all parties in writing in advance of the hearing or trial of the arrangements made, if any, for the presence of a court reporter, or shall advise all parties in advance of the hearing or trial that the moving party has chosen not to obtain a court reporter.

Before filing a non-dispositive motion, the movant must follow Rule 1.202 and Local Rule 4. Failure to comply with the requirements of Rule 1.202 and Local Rule 4 may result in sanctions against the non-compliant party.

The requirements of Rule 1.202 do not apply when the movant or the nonmovant is

unrepresented by counsel *(pro se)*.

D. **Extensions, Modifications and Continuances**

**Extensions of Deadlines Other than Trial/Calendar Call: All motions to extend deadlines must be filed prior to the deadline.** Untimely motions will be denied absent compelling circumstances and a showing of good cause.

The parties must strictly follow Rule 1.200(e) and Administrative Order 3.110 (as amended) when filing motions for extension or modification. If the parties agree, and the extension will not prevent the case from being trial ready by the original Calendar Call date, the parties may file a motion and submit for the Court's consideration an agreed order or proposed Amended DCMO, as applicable under Rule 1.200(e)(1). The motion shall identify which deadlines are requested to be extended and the basis for the request. Each agreed order or Amended DCMO must contain agreed-upon dates for all remaining deadlines and confirm that the Calendar Call date remains as previously set. The Court will accept the amendment or direct the parties to set a DCM Conference. **Agreements to extend the dates for the filing of Summary Judgment and *Daubert* motions, and for completion of discovery, must be set for hearing, and the parties must be prepared to address how the proposed extension will not affect the Calendar Call date.**

**Motions to Continue Trial:** Motions to continue trial must strictly comply with Rule 1.460. **Motions to continue are disfavored and will rarely be granted and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case.** Failure to timely complete discovery and/or file a motion for summary judgment shall not be grounds to continue the trial.

E. **DCM Conferences**

If any party is unable to meet the deadlines set forth in this Order for any reason, including unavailability of hearing time, the affected party must promptly set a DCM conference as described in Administrative Order 3.110 (as amended), identifying the hearing time requested and the pending motion(s). DCM conferences shall be scheduled through online scheduling (OLS) on either the Court's: 1) DCM - Case Management Conference docket; or 2) Uniform Motion Calendar, in accordance with Divisional Instructions.

II. **UNIFORM PRE-TRIAL PROCEDURE**

A. TIMELY SERVICE AND DEFAULTS

Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within ninety (90) days, an Order will be issued directing service by the **ONE-HUNDRED TWENTY (120) DAY DEADLINE**. Failure to comply will result in dismissal of the

case or party for lack of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **thirty (30) days** of the last default and set for hearing at the next available hearing time.

B. INITIAL DISCLOSURES

Within **sixty (60) days after service** on a defendant, and except as exempted by Rule 1.280(a)(2) or as ordered by the court, each party must, without awaiting a discovery request, provide to the other parties initial discovery disclosures in compliance with Rule 1.280(a), unless privileged or protected from disclosure.

C. EXHIBITS AND WITNESSES

No later than **eighty (80) days before Calendar Call**, each party shall file and exchange lists of all trial exhibits, names, and addresses of all trial witnesses. Each party's witness list must include a brief description of the substance and scope of the testimony to be elicited from each witness. Both sides must cooperate in the scheduling of all witness depositions.

Each party's exhibit list shall include each exhibit separately numbered and identified. Generic or prospective designations are not allowed (e.g. insurer's file, documents to be produced, etc.). Each party shall provide for a reasonable time and place for the other parties to review and copy the exhibits.

D. EXPERT WITNESS DISCLOSURES

In addition to the names and addresses of each expert retained to formulate an expert opinion, as well as any hybrid fact/expert witnesses, no later than **two-hundred (200) days before Calendar Call**, the parties must provide:

1. The subject matter about which the expert will testify;
2. The opinions to which the expert will testify;
3. A summary of the grounds and facts for each opinion; and
4. A copy of the expert's curriculum vitae.

**Each expert will be limited to testifying only about those matters which have been fully disclosed.**

Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. All parties shall cooperate in the scheduling of expert depositions.

The parties shall also provide answers to standard form expert interrogatories. All

reports or other data compiled by each disclosed expert which are intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided electronically to all opposing parties at least 72 hours prior to the date of the scheduled deposition.

**Rebuttal/Responsive Experts**

No later than **one-hundred seventy (170) days before Calendar Call**, the parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of all rebuttal/responsive expert witnesses' anticipated testimony to the same extent as the expert disclosure requirement above.

Within **thirty (30) days** following this disclosure, the parties shall make their rebuttal/responsive experts available for deposition. The experts' depositions may be conducted without further Court order.

E. REBUTTAL FACT WITNESSES AND EXHIBITS

No later than **sixty (60) days before Calendar Call**, the parties must file and exchange lists of names and addresses of all rebuttal fact witnesses and lists of any rebuttal exhibits.

F. ADDITIONAL EXHIBITS, WITNESSES OR OBJECTIONS

At trial, the parties will be strictly limited to exhibits and witnesses previously disclosed absent agreement of the parties or order of the Court upon good cause shown. A party desiring to use an exhibit or witness discovered after counsel have conferred must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Failure to reserve objections constitutes a waiver. Use of the exhibit or witness may be allowed by the Court for good cause shown.

G. DEPOSITION DESIGNATIONS

No later than **ten (10) days prior to Calendar Call**, each party must serve deposition designations, or portions of depositions, each intends to offer as testimony. No later than **eight (8) days prior to Calendar Call**, each opposing party is to serve any counter (or "fairness") designations, together with objections to the depositions, or portions thereof, originally designated. No later than **five (5) days before Calendar Call**, each party must serve any objections to counter-designations served by an opposing party.

H. DISCOVERY COMPLETION

All discovery relating to Summary Judgment and *Daubert* motions must be completed no later than **ninety (90) days prior to Calendar Call.**

All discovery must be completed no later than **forty (40) days prior to Calendar Call.**

Rulings as to admission on late discovery will be made on a case by case basis. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. <u>COUNSEL MEETING AND PRE-TRIAL STIPULATION</u>

Counsel or the parties, if not represented by counsel, shall meet in person at a mutually convenient time and place no later than **thirty (30) days before Calendar Call** to discuss settlement, simplify the issues, and stipulate to as many facts and issues as possible, and prepare a Pre-Trial Stipulation in accordance with this paragraph.

It shall be the duty of Plaintiff's counsel to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **ten (10) days prior to Calendar Call. UNILATERAL PRE-TRIAL STIPULATIONS ARE DISALLOWED, UNLESS APPROVED BY THE COURT AFTER NOTICE AND HEARING.** If a party does not receive a substantive response to a proposed Pre-Trial Stipulation after good faith effort, such party shall file a unilateral Pre-Trial Stipulation with a certification of all efforts that were made to confer with the opposing party. Counsel for all parties are charged with good faith cooperation in preparing the Pre-Trial Stipulation, and the parties shall make exhibits available for inspection and copying. Failure to cooperate in preparing the Pre-Trial Stipulation may result in striking pleadings, witnesses, or exhibits.

The Pre-Trial Stipulation must contain the following in separately numbered paragraphs:

1. Names and contact information of attorneys to try case.
2. A list of all pending motions requiring action by the Court. **Motions not listed are deemed abandoned or waived.**
3. A statement of estimated trial time, including the total number of trial days anticipated, and the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.
4. **Statement of the Facts:** A concise statement of the facts in an impartial, easily understandable manner which may be read to the jury.
5. **Statement Facts and Agreed Rules of Law:** A list of any stipulated facts requiring no proof at trial and any agreed rules of law.
6. **Statements of Disputed Law & Fact:** A statement of disputed issues of law and fact that are to be tried.

7. **Witness Lists:** Parties must attach their previously filed Witness Lists, including rebuttal or impeachment witnesses. If any party objects to any witness, such objections must be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties will be strictly limited to witnesses properly and timely disclosed. Only those witnesses listed by NAME will be permitted to testify at trial.
8. **Exhibit Lists:** Parties must attach their previously filed Exhibit Lists. All exhibits to be offered in evidence at trial must have been made available to opposing counsel for examination. Only those exhibits listed may be offered in evidence. If any party objects to the introduction of any such exhibit, such objection must be stated in the Pre-Trial Stipulation, setting forth the grounds with specificity. Demonstrative exhibits (e.g. PowerPoints, charts, enlargements of exhibits) to be used at a Jury Trial must be displayed to all counsel before being shown to the jury. All exhibits must be pre-marked and numbered consistent with Clerk guidelines.
9. **Jury Instructions:** Counsel must identify all agreed-upon standard jury instructions and all special instructions. Any objections or disputed jury instructions must be attached and identified as to the party that proposed the instruction [indicated in redline/track changes]. Copies of all agreed-upon instructions or disputed instructions must be attached to the Stipulation as one document, redlined as necessary, along with copies of supporting statutory citations and/or case law.
10. **Verdict Forms:** The jury verdict form must be attached and designated as agreed to or disputed.
11. **Peremptory Challenges:** State the number of peremptory challenges for each party.
12. Other agreements or issues for trial, if any.

Failure to file a Joint Pre-Trial Stipulation as provided above may result in Court-imposed sanctions, including dismissal or default without further notice of the Court.

J. MOTIONS

**Summary Judgment and *Daubert* Motions** must be filed at least **eighty (80) days before Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions and motions in limine), deposition objections, and expert challenges must be filed, served and heard at least **five (5) days before Calendar Call.**

K. PRE-MARKING EXHIBITS

Prior to trial, each party is to mark for identification all exhibits in accordance with the guidelines of the Clerk of Court. Instructions and templates may be found at: www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence.

L. ENLARGED JURY PANELS

Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. **To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least six (6) months before Calendar Call.** Failure to timely request an enlarged panel may result in Court-ordered sanctions, including a limitation on peremptory challenges.

M. INTERPRETERS

Unless otherwise ordered by the Court, it shall be the responsibility of the party who needs the services of an interpreter, whether for a litigant or for a witness, to have a competent interpreter present in court.

N. JURY INSTRUCTIONS AND VERDICT FORM

A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **three (3) days before Calendar Call** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

O. UNIQUE QUESTIONS OF LAW

Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

III. **MEDIATION**

A. MEDIATION REQUIRED

1. All parties are required to participate in mediation.
2. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.
3. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.
4. All communications at the mediation conference are privileged consistent with

Florida Statutes sections 44.102 and 90.408.

5. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B. MEDIATION SCHEDULING

**The Plaintiff's attorney is responsible for scheduling mediation.** The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. COMPLETION OF MEDIATION BEFORE CALENDAR CALL

Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than **ten (10) days prior to Calendar Call**. If mediation is not conducted, or if a party fails to participate in mediation, the Court may impose sanctions, including monetary sanctions, striking pleadings and witnesses, and dismissal or default without further notice of the Court.

D. OPPOSITION TO MEDIATION

Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

IV. **NON-COMPLIANCE**

**NON-COMPLIANCE WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE STRIKING OF THE PLEADINGS, WITNESSES, OR EXHIBITS, ENTRY OF DEFAULT OR DISMISSAL WITHOUT FURTHER NOTICE OF THE COURT, OR IMPOSITION OF SUCH OTHER SANCTIONS AS IS JUST AND PROPER.**

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2026-CA-009006-XXXA-MB 08/12/2026
Carolyn Bell Circuit Judge
ADMINISTRATIVE OFFICE OF THE COURT

50-2026-CA-009006-XXXA-MB 08/12/2026
Carolyn Bell
Circuit Judge

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

**IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2026-080279-SP-05
SECTION: CC02
JUDGE: Miesha S. Darrough

**Jimmy Lafaille**

Plaintiff(s) / Petitioner(s)

vs.

**St Thomas University et al**

Defendant(s) / Respondent(s)

______________________________/

**ZOOM/VIRTUAL**
**ORDER OF REFERRAL TO COUNTY COURT MEDIATION**

In accordance with applicable rules, statutes, and Administrative Orders, this matter is referred to County Court Mediation.

**ALL PROVISIONS OF THIS ORDER ARE MANDATORY AND REQUIRE STRICT COMPLIANCE**

**IMPORTANT**: THE MEDIATIONS WILL BE CONDUCTED BY **PHONE AND/OR ZOOM**, WHICH IS A VIDEO PLATFORM. YOU WILL BE RECEIVING AN EMAIL WITH THE INSTRUCTIONS FROM THE MEDIATION DEPARTMENT ON HOW TO CONNECT AT THE TIME OF YOUR SCHEDULED MEDIATION. PLEASE MAKE SURE YOU PROVIDE THE COURT WITH YOUR CURRENT EMAIL. ALSO, REGISTER WITH THE FLORIDA COURTS E-FILING PORTAL.

1. **THE PARTIES ARE SCHEDULED FOR MEDIATION** on **11-02-2026** at **11:00 AM**.
2. The Mediation shall take place **via phone and/or Zoom**.
3. The mediation conference shall not exceed one (1) hour, unless the parties mutually agree otherwise.
4. The Parties, unless otherwise waived by this Order, are assessed a fee of $120.00 for the first hour, or any part thereof. If the parties mutually agree that the mediation conference will exceed one (1) hour, they will be assessed an additional $120.00 for each additional hour or part thereof. All mediation fees shall be paid 50% by the plaintiff(s) and 50% by the defendant(s), prior to the scheduled mediation conference, and any balance owed shall be paid at the conclusion of each conference.
5. The mediation fee is waived if this matter is an SP/RESIDENTIAL EVICTION case or if

one of the parties is Miami-Dade County.

6. The attendance of counsel and each party representative with authority to enter into a full and complete settlement, without further consultation, is mandatory. If insurance is involved, the adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend. Absence or remote appearance of any of the above may only be approved by the Court prior to the date of the meditation conference.

7. **If any party fails to appear or participate toward resolution, the Court may impose sanctions, including dismissing the case, striking pleadings, entering default, removing the case from the trial calendar, or any other sanctions that it may deem appropriate under the circumstances.**

8. Subject to the one (1) hour limit referred to above, the conference shall continue until the matter is resolved or adjourned, or until the Mediator declares an impasse.

9. Written notice to the Court of any change or cancellation of the scheduled mediation conference must be given at least 72 hours prior to the conference, exclusive of Saturdays, Sundays and legal holidays. Failure to do so may result in sanctions, unless the Court finds exceptional circumstances beyond the parties' control or the Mediator agrees to waive the fee.

10. Referral to mediation does not automatically toll any time limitations of this action. It is ordered that any pending motions be resolved prior to the mediation conference.

11. All communications during the mediation conference are privileged and confidential. Court Reporters will not be permitted.

12. Motions to Dispense or Defer Mediation shall be filed prior to the date scheduled for the mediation conference and shall be scheduled before the Court.

13. Copies of documents or pleadings relating to mediation shall be served upon the Mediation Division via email at mediationdivision@jud11.flcourts.org. The case number must be included in the subject line of the email.

14. If the case is not resolved through mediation, either party may schedule the case for trial.

15. The parties are ordered to inform the Court as to the case disposition at mediation. This notification shall be in writing to the Judge's office and place in the file within five (5) days of the mediation

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 3rd day of August, 2026.

*Miesha S. Darrough / A T* 2026-080279-SP-05 08-03-2026 3:27 PM

2026-080279-SP-05 08-03-2026 3:27 PM

Miesha S. Darrough

Signed at Judge's direction

**COUNTY COURT JUDGE**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1 Avenue, Suite 2400, Miami, FL 33128, Telephone 305-349-7175; TDD 305-349-7174, Fax 305-349-7355, Email: ADA@jud11.flcourts.org at least 7 days before your scheduled court appearance, or immediately on receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**<u>IF YOU NEED AN INTERPRETER</u>**: It is your responsibility to hire a professional interpreter. Hearings are held in English and court interpreters are **<u>NOT</u>** available. If you or one of your witnesses do not speak English, you will have to provide a professional interpreter. This also applies to any witnesses you would like to present from the opposing party to testify as your witness in your case.

**<u>SI W BEZWEN YON ENTEPRET</u>**: Se responsabilite w pou peye yon entèpreèt pwofesyonèl. Odyans yo fèt an Angle e tribunal la **<u>PA</u>** bay entèprèt. Si w pa pale Angle oubyen ke youn nan temwen ki vin avè w yo pa pale Angle, w ap gen pou peye yon entèprèt pwofesyonèl. Se menm bagay si w rele yon moun nan pati opoze a pou temwaye pou ou.

**<u>SI USTED NECESITA UN INTERPRETE</u>**: Es su reponsabilidad contratar a un intérprete profesional. Todas las audiencias se celebran en Inglés, pero **<u>NO HAY</u>** intérpretes del tribunal disponibles para estos casos. Si Ud. o uno de los testigos de su caso no hablan Inglés, Ud. tendrá que contratar un intérprete professional. Esto también aplica a cualquier testigo que Ud. quiera presentar de la parte contraria para testificar en su caso.

**Electronically Served:**

- Roberto J. Diaz: rjd@jpfitzlaw.com
- Roberto J. Diaz: klopez@jpfitzlaw.com

**Physically Served:**

- Diaz, Roberto J.: 110 Merrick Way Ste 3B, Coral Gables, FL, 33134-5236
- Jimmy Lafaille: 1489 W Palmetto Park Road, S 410, BOCA RATON, FL, 33486
- Sherron Franks-Meeks: 16401 Northwest 3rd Avenue, Miami, FL, 33054
- Dorothy Crisostomo: 16401 NW 32 Avenue, Miami, FL, 33154

IN THE COUNTY COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

COUNTY CIVIL DIVISION: "RB"
CASE NO.: 50-2025-CC-017383-XXXA-MB

CONGRESS AVE BOYNTON LLC,
Plaintiff/Petitioner

vs.

LOGIQUE MEDICAL CARE SERVICES LLC,
JIMMY LAFAILLE,
Defendant/Respondents.

______________________________________/

**ORDER DENYING EMERGENCY MOTION FOR EXTENSION OF TIME AND DIRECTIONS TO THE CLERK OF COURT**
(ORDD)

**THIS CAUSE** came before the Court, in Chambers, upon the filing of an Emergency Motion/Correspondence, filed on November 10, 2025. The Court finds that the Motion/Correspondence, construed as Defendant(s) Emergency Motion to Stay Writ of Possession, fails to state a legal basis for which any relief may be granted. After a review of the court file and the Court being otherwise informed in the premises, it is

**ORDERED AND ADJUDGED** that the DEFENDANT'S Emergency Motion/Correspondence filed on is **DENIED** for failing to state any legal basis. However, this *Order* does not prohibit the parties, if mutually inclined, from attempting to settle this matter amongst themselves. The Clerk of Court is directed to close the emergency filing.

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2025-CC-017383-XXXA-MB 11/14/2025
Danielle Sherriff Judge

50-2025-CC-017383-XXXA-MB 11/14/2025
Danielle Sherriff
Judge

**COPIES TO:**

| | | |
|---|---|---|
| BRETT R. RENTON | 300 S. ORANGE AVE<br>SUITE 1600<br>ORLANDO, FL 32801 | BRENTON@SHUTTS.COM<br>tmartin@shutts.com |
| JIMMY LAFAILLE | 1325 S. CONGRESS AVENUE, SUITE 207<br>BOYNTON BEACH,, FL 33426 | jimmylafaille@att.net<br>info@lmcareservices.com |

IN THE COUNTY COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

COUNTY CIVIL DIVISION: "RB"
CASE NO.: 50-2025-CC-017383-XXXA-MB

CONGRESS AVE BOYNTON LLC,
Plaintiff/Petitioner

vs.

LOGIQUE MEDICAL CARE SERVICES LLC,
JIMMY LAFAILLE,
Defendant/Respondent.

ORDER DENYING EMERGENCY MOTION FOR EXTENSION OF TIME AND
DIRECTIONS TO THE CLERK OF COURT
(ORDD)

THIS CAUSE came before the Court, in Chambers, upon the filing of an Emergency Motion/Correspondence filed on November 10, 2025. The Court finds that the Motion/Correspondence, construed as Defendant(s) Emergency Motion to Stay Writ of Possession, fails to state a legal basis for which any relief may be granted. After a review of the court file and the Court being otherwise fully informed in the premises, it is

ORDERED AND ADJUDGED that the DEFENDANT'S Emergency Motion/Correspondence filed on is DENIED for failing to state any legal basis. However, this Order does not prohibit the parties, if mutually inclined, from attempting to settle this matter amongst themselves. The Clerk of Court is directed to close the emergency filing.

DONE AND ORDERED in West Palm Beach, Palm Beach County, Florida.

COPIES TO:

| | | |
|---|---|---|
| BRETT R RENTON | 300 S. ORANGE AVE SUITE 1600 ORLANDO, FL 32801 | BRENTON@SHUTTS.COM<br>mmartin@shutts.com |
| JIMMY LAFAILLE | 1325 S. CONGRESS AVENUE, SUITE 207 BOYNTON BEACH, FL 33426 | jimmylafaille@att.net<br>info@lmcareservices.com |

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | STATEMENT OF CLAIM | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | (File in Duplicate Plus One For Each Defendant) | 26 080279 SP05<br>SECTION NO. |
| PLAINTIFF Owner Jimmy Lafaille Logique Medical Care services LLC | VS. DEFENDANT(S) Sherron Franks-Meeks ASSISTANT DEAN | CLOCK IN |
| The Plaintiff sues the Defendant for money owed Plaintiff by Defendant; and which is past due and unpaid; for (As marked (x) below): | Address: St. thomas University school of Nursing 16401 NW Miami Gardens Fl 33054 | Phone Number: (305) 625-6000 |

- ☐ Good, wares and merchandise sold by plaintiff, to defendant;
- ☐ Work done and materials furnished by plaintiff, to defendant;
- ☐ Money lent by plaintiff to the defendant which is due and payable;
- ☐ Money due to plaintiff upon accounts stated and agreed to between them;
- ☐ On a written instrument, copy of which is attached hereto;
- ☐ Rent for certain premises in Miami-Dade County, Florida, VIZ;
- ☐ Other (Explain)
- ☐ Any additional facts in connection with any of the above:

THE ORIGINAL FILED IN THE OFFICE OF THE CLERK AND COMPTROLLER MIAMI-DADE COUNTY
JUN 17 2026
MIAMI-DADE COUNTY CIRCUIT & COUNTY COURTS

(USE ADDITIONAL SHEET IF NECESSARY)

the actions of the defendant against my business caused significant financial disruptions. the defendant stopped students from coming / training at my practice based on a lie and despite several years of collaboration with the university see additional papers.

Where Plaintiff demands judgment in the sum of $ 8000 together with court costs and any further costs which the Court may assess.

The Plaintiff, Jimmy Lafaille says the foregoing is a just and true statement of the amount owed by defendant to plaintiff, exclusive of all lawful setoffs, and that defendant has no lawful defenses which would preclude the collection of said amount.

Affiant states that the defendant(s) is/are not in the military service of the United States.

| Attorney/Plaintiff | Signature | Attorney's Bar No. |
|---|---|---|
| Jimmy Lafaille | [signature] 5410 | |
| Address of Attorney/Plaintiff Confidential | 1489 W Palmetto park road Boca Raton Fl 33486 | Telephone No. (561) 7026309 |
| Email Address: Jimmylafaille@att.Net | | |

The foregoing instrument was acknowledged before me this 17 day of 06, 20 26 by Jimmy Lafaille who is personally known to me or who has produced Passport as identification and did ☐ / did not ☐ take an oath.

SWORN TO AND SUBSCRIBED BEFORE ME this ____ day of __________ 20____.

| JUAN FERNANDEZ-BARQUIN<br>CLERK OF THE COURT AND COMPTROLLER<br>MIAMI-DADE COUNTY<br>CIRCUIT AND COUNTY COURTS | Deputy Clerk | NOTARY PUBLIC,<br>State of Florida ________<br>My Commission Expires: |
|---|---|---|

**IMPORTANT: SEE REVERSE**

| SERVICE OF PROCESS<br>☐ PROCESS SERVER<br>☐ SHERIFF<br>☐ MAIL | FILING FEE AMOUNT | RECEIPT NUMBER |
|---|---|---|

NOTE: If the claim is based upon a written document, a copy, or the material part thereof, shall be attached to the statement of claim.

**INSTRUCTION SHEET**
**IMPORTANT**

YOU MUST advise the Clerk, in writing, of any change in your mailing address.

If you are a DEFENDANT and fail to appear on the designated date, in person or by an attorney, a judgment may be entered against you.

Plaintiff(s) will not be entitled to a default or judgment in the absence of an affidavit regarding the defendant's military status in compliance with applicable law. This form, if sworn to, will meet the above requirements.

If you are a PLAINTIFF and fail to appear on the designated date, in person or by an attorney, this case may be dismissed for Want of Prosecution.

Any claim of the Defendant against the Plaintiff, arising out of the same transaction or occurrence which is the subject matter of plaintiff's claim, shall be filed not less than 5 days prior to the appearance date, or within such times as the Court designates. When a counterclaim or set-off exceeds the jurisdiction of the Court, it shall be filed in writing before or at the pretrial hearing, and the action shall then be transferred to the Court having jurisdiction thereof. As evidence of good faith, the counter-claimant shall deposit a sum sufficient to pay the filing fee in the Court to which the case is to be transferred with his counterclaim.

FAILURE TO MAKE THE DEPOSIT WAIVES THE RIGHT TO TRANSFER.

TRIAL BY JURY may be had upon written demand by Plaintiff made at the commencement of the action or by any defendant within 5 days after service of the notice to appear or at the Pretrial Conference. If the demand is not made, the right to trial by jury is waived.

If at any time in the proceedings a settlement is reached between the parties, this office should be notified in writing by the Plaintiff.

If you have any questions regarding procedures, this office will assist you. This office cannot furnish legal advice to you. Please consult your attorney for legal advice.

**CAUTION**

A copy of any paper that you file at any time with the Clerk or Judge **MUST** be sent by you to each attorney appearing in the case, if any, or to all parties not represented by an attorney. You must set forth the date and to whom you sent the copy (or copies) of the paper filed, which would be followed by your signature.

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

In mediation, decision making rests with the parties. Negotiations in court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit to the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may approve a payment plan and may withhold judgment or executions or levy.

RIGHT TO VENUE. THE LAW GIVES THE PERSON OR COMPANY WHO HAS SUED YOU THE RIGHT TO FILE IN ANY ONE OF SEVERAL PLACES AS LISTED BELOW. HOWEVER, IF YOU HAVE BEEN SUED IN ANY PLACE OTHER THAN ONE OF THESE PLACES, YOU, AS THE DEFENDANT(S), HAVE THE RIGHT TO REQUEST THAT THE CASE BE MOVED TO A PROPER LOCATION OR VENUE. A PROPER LOCATION OR VENUE MAY BE ONE OF THE FOLLOWING:

1. WHERE THE CONTRACT WAS ENTERED INTO;
2. IF THE SUIT IS ON UNSECURED PROMISSORY NOTE, WHERE THE NOTE WAS SIGNED OR WHERE THE MAKER RESIDES
3. IF THE SUIT IS TO RECOVER PROPERTY OR TO FORECLOSE A LEIN, WHERE THE PROPERTY IS LOCATED;
4. WHERE THE EVENT GIVING RISE TO THE SUIT OCCURRED;
5. WHERE ANY ONE OR MORE OF THE DEFENDANTS SUED RESIDE;
6. ANY LOCATION AGREED TO IN A CONTRACT.
7. IN ANY ACTION FOR MONEY DUE, IF THERE IS NO AGREEMENT AS TO WHERE SUIT MAY BE FILED, WHERE PAYMENT IS TO BE MADE.

If you, as the defendant(s) believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on our court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff('s)(s') attorney, if any

A COPY OF THE STATEMENT OF CLAIM SHALL BE SERVED WITH THIS SUMMONS

MIAMI-DADE COUNTY DISTRICT COURT FACILITIES

| | | | |
|---|---|---|---|
| DNS Justice Center Central Court (05)<br>20 NW 1st Ave<br>Room 6.240<br>Miami, Florida 33128 | North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>Miami, Florida 33160 | Hialeah District Court (21)<br>11 East 6th Street<br>Hialeah, Fl 33010 | Coral Gables District (25)<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 |
| Joseph Caleb Center Court (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, Florida 33142 | South Dade Justice Center (26)<br>Room 1200<br>10710 S.W. 211 Street<br>Cutler Ridge, Florida 33189 | | |

FILED BY: LOGIQUE MEDICAL CARE SERVICES / JIMMY LAFAILLE

ADDRESS: ~~Confidential~~.

189 W Palmetto Park Road S 410 Boca Raton Fl 33486

PHONE: (561) 702 6309

COPY: ☐ MAILED ☐ HAND-DELIVERED

TO: ☒ PLAINTIFF ☐ ATTORNEY

SERVED BY: ☐ MAIL ☒ SHERIFF ☐ PROCESS SERVER

JUAN FERNANDEZ-BARQUIN
CLERK OF THE COURT AND COMPTROLLER
OF MIAMI-DADE COUNTY
CIRCUIT AND COUNTY COURTS

BY: Willo Alta
DEPUTY CLERK

DATE: JUN 17 2026

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DEPARTMENT | SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE DISTRICT COURT (File in Quadruplicate) | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICT COURTS<br>☐ OTHER | | 26 SECTION NO. 9 SP05 |
| PLAINTIFF(S) Owner<br>Jimmy Lafaille<br>LoGique Medical Care Services. | VS. DEFENDANT(S)<br>Fran Johnson<br>Clinical Coordinator<br>Nursing Department | CLOCK IN |

DEFENDANT(S) TO BE SERVED AT: Registered Agent Patrick FitzGerald, ESQ 110 Merrick Way, 3B Coral Gables Fl 33134 — ST. Thomas Employee Fran Johnson Clinical Coordinator from the Nursing Department

STATE OF FLORIDA
NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)
YOU ARE HEREBY NOTIFIED to appear in person or by attorney at the location indicated below:

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

☒ ONS JUSTICE CENTER CENTRAL COURT ☐ NORTH DADE JUSTICE CENTER ☐ HIALEAH DISTRICT COURT
☒ CORAL GABLES DISTRICT COURT ☐ SOUTH DADE JUSTICE CENTER ☐
☐ JOSEPH CALEB CENTER COURT

(Addresses for court locations are printed on the back of this form)

on 7/20/2026 20__ 1:30 pm M., in courtroom 15 4 before a Judge of this Court. Section # CC02

IMPORTANT – READ CAREFULLY

THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME. DO NOT BRING WITNESS(ES). YOU MUST APPEAR IN PERSON OR BY ATTORNEY. YOU MUST CONFIRM VIA A JUDGE'S ORDER AN APPROVAL TO APPEAR REMOTELY VIA ZOOM. WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, DISMISSAL.

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of the parties or their attorney in the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by any officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

MEDIATION

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| DEPARTMENT | SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE DISTRICT COURT (File in Quadruplicate) | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICT COURTS<br>☐ OTHER | | 26 080279 SP05<br>SECTION NO. |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| Jimmy Lafaille Owner Logique Medical Care Services | Sherron Franks-Meeks Assistant Dean of Nursing | |

DEFENDANT(S) TO BE SERVED AT: Registered Agent Patrick FitzGerald, Esq 110 Merrick Way, 3B Coral Gables Fl 33134 — St. Thomas University Employee Sherron Franks-Meeks

STATE OF FLORIDA

NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

YOU ARE HEREBY NOTIFIED to appear in person or by attorney at the location indicated below:

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

☒ LAWSONS JUSTICE CENTER CENTRAL COURT ☐ NORTH DADE JUSTICE CENTER ☐ HIALEAH DISTRICT COURT
☒ CORAL GABLES DISTRICT COURT ☐ SOUTH DADE JUSTICE CENTER ☐
☐ JOSEPH CALEB CENTER COURT

(Addresses for court locations are printed on the back of this form)

on 7/20/2026 20__ 1:30pm M., in courtroom 15A before a Judge of this Court. Section # CC 02

IMPORTANT – READ CAREFULLY

THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME. DO NOT BRING WITNESS(ES). YOU MUST APPEAR IN PERSON OR BY ATTORNEY. YOU MUST CONFIRM VIA A JUDGE'S ORDER AN APPROVAL TO APPEAR REMOTELY VIA ZOOM. WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, DISMISSAL.

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of the parties or their attorney in the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by any officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

MEDIATION

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DEPARTMENT | SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE DISTRICT COURT (File in Quadruplicate) | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICT COURTS<br>☐ OTHER | | 26 08 027 9 SP05<br>SECTION NO. |
| PLAINTIFF(S)<br>OWNER. Jimmy LAFAILLE/ LoGique Medical CARE SERVICES | VS. DEFENDANT(S)<br>Dorothy D. CRisostomo Program Director Nursing Dept. | CLOCK IN |

DEFENDANT(S) TO BE SERVED AT: Registered Agent Office. Patrick T. Fitzgerald 45 & 110 Merrick Way Suite 3B Coral Gables Fl 33134

ST. thomas University Employees Dorothy D. CriSostomo

STATE OF FLORIDA

NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

YOU ARE HEREBY NOTIFIED to appear in person or by attorney at the location indicated below:

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

☒ LAWSONS JUSTICE CENTER CENTRAL COURT ☐ NORTH DADE JUSTICE CENTER ☐ HIALEAH DISTRICT COURT

☒ CORAL GABLES DISTRICT COURT ☐ SOUTH DADE JUSTICE CENTER ☐

☐ JOSEPH CALEB CENTER COURT

(Addresses for court locations are printed on the back of this form)

on 7/20/26 20____, 1:30 pm M., in courtroom 15A before a Judge of this Court. Section # CC 02

IMPORTANT – READ CAREFULLY

THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME.

DO NOT BRING WITNESS(ES). YOU MUST APPEAR IN PERSON OR BY ATTORNEY. YOU MUST CONFIRM VIA A JUDGE'S ORDER AN APPROVAL TO APPEAR REMOTELY VIA ZOOM. WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, DISMISSAL.

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of the parties or their attorney in the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by any officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

MEDIATION

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| DEPARTMENT | SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE DISTRICT COURT (File in Quadruplicate) | CASE NUMBER |
|---|---|---|
| ☑ CIVIL<br>☑ DISTRICT COURTS<br>☐ OTHER | | 26 08 0 27 9 SP05<br>SECTION NO. |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN 02 |
|---|---|---|
| Jimmy Lafaille OWNER Logique Medical Care services LLC | St. thomas University Nursing Department | |

DEFENDANT(S) TO BE SERVED AT: Registered Agent Patrick T Fitzgerald, ESQ 110 Merrick Way, Suite 3B Coral Gables Fl ~~33134~~ — St. thomas University Nursing 33134 Department. ERROR. JL

STATE OF FLORIDA

NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

YOU ARE HEREBY NOTIFIED to appear in person or by attorney at the location indicated below:

"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

☑ LAWSONS JUSTICE CENTER CENTRAL COURT ☐ NORTH DADE JUSTICE CENTER ☐ HIALEAH DISTRICT COURT

☑ CORAL GABLES DISTRICT COURT ☐ SOUTH DADE JUSTICE CENTER ☐

☐ JOSEPH CALEB CENTER COURT

(Addresses for court locations are printed on the back of this form)

on 7/10/2026 20__ 1:30 pm M., in courtroom 15A before a Judge of this Court. Section # CC 02.

IMPORTANT – READ CAREFULLY

THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME.

DO NOT BRING WITNESS(ES). YOU MUST APPEAR IN PERSON OR BY ATTORNEY. YOU MUST CONFIRM VIA A JUDGE'S ORDER AN APPROVAL TO APPEAR REMOTELY VIA ZOOM. WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, DISMISSAL.

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of the parties or their attorney in the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by any officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

MEDIATION

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

In mediation, decision making rests with the parties. Negotiations in court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit to the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may approve a payment plan and may withhold judgment or executions or levy.

RIGHT TO VENUE. THE LAW GIVES THE PERSON OR COMPANY WHO HAS SUED YOU THE RIGHT TO FILE IN ANY ONE OF SEVERAL PLACES AS LISTED BELOW. HOWEVER, IF YOU HAVE BEEN SUED IN ANY PLACE OTHER THAN ONE OF THESE PLACES, YOU, AS THE DEFENDANT(S), HAVE THE RIGHT TO REQUEST THAT THE CASE BE MOVED TO A PROPER LOCATION OR VENUE. A PROPER LOCATION OR VENUE MAY BE ONE OF THE FOLLOWING:

1. WHERE THE CONTRACT WAS ENTERED INTO;
2. IF THE SUIT IS ON UNSECURED PROMISSORY NOTE, WHERE THE NOTE WAS SIGNED OR WHERE THE MAKER RESIDES
3. IF THE SUIT IS TO RECOVER PROPERTY OR TO FORECLOSE A LEIN, WHERE THE PROPERTY IS LOCATED;
4. WHERE THE EVENT GIVING RISE TO THE SUIT OCCURRED;
5. WHERE ANY ONE OR MORE OF THE DEFENDANTS SUED RESIDE;
6. ANY LOCATION AGREED TO IN A CONTRACT.
7. IN ANY ACTION FOR MONEY DUE, IF THERE IS NO AGREEMENT AS TO WHERE SUIT MAY BE FILED, WHERE PAYMENT IS TO BE MADE.

If you, as the defendant(s) believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on our court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff('s)(s') attorney, if any

A COPY OF THE STATEMENT OF CLAIM SHALL BE SERVED WITH THIS SUMMONS

MIAMI-DADE COUNTY DISTRICT COURT FACILITIES

ONS Justice Center Central Court (05)
20 NW 1st Ave
Room 6.240
Miami, Florida 33128

North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
Miami, Florida 33160

Hialeah District Court (21)
11 East 6th Street
Hialeah, Fl 33010

Coral Gables District (25)
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

Joseph Caleb Center Court (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, Florida 33142

South Dade Justice Center (26)
Room 1200
10710 S.W. 211 Street
Cutler Ridge, Florida 33189

FILED BY: Jimmy LAFAILLE / Logique Medical Care Services

ADDRESS: ~~Confidential~~

4 89 N palmetto park road 5410 Boca Raton Fl 33486

PHONE: (561) 702 6309

COPY: ☐ MAILED ☐ HAND-DELIVERED

TO: ☒ PLAINTIFF ☐ ATTORNEY

SERVED BY: ☐ MAIL ☐ SHERIFF

☐ PROCESS SERVER

JUAN FERNANDEZ-BARQUIN
CLERK OF THE COURT AND COMPTROLLER
OF MIAMI-DADE COUNTY
CIRCUIT AND COUNTY COURTS

BY: [signature]
DEPUTY CLERK

DATE
JUN 17 2026

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

mediation, decision making rests with the parties. Negotiations in court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit to the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may approve a payment plan and may withhold judgment or executions or levy.

RIGHT TO VENUE. THE LAW GIVES THE PERSON OR COMPANY WHO HAS SUED YOU THE RIGHT TO FILE IN ANY ONE OF SEVERAL PLACES AS LISTED BELOW. HOWEVER, IF YOU HAVE BEEN SUED IN ANY PLACE OTHER THAN ONE OF THESE PLACES, YOU, AS THE DEFENDANT(S), HAVE THE RIGHT TO REQUEST THAT THE CASE BE MOVED TO A PROPER LOCATION OR VENUE. A PROPER LOCATION OR VENUE MAY BE ONE OF THE FOLLOWING:

1. WHERE THE CONTRACT WAS ENTERED INTO;
2. IF THE SUIT IS ON UNSECURED PROMISSORY NOTE, WHERE THE NOTE WAS SIGNED OR WHERE THE MAKER RESIDES
3. IF THE SUIT IS TO RECOVER PROPERTY OR TO FORECLOSE A LEIN, WHERE THE PROPERTY IS LOCATED;
4. WHERE THE EVENT GIVING RISE TO THE SUIT OCCURRED;
5. WHERE ANY ONE OR MORE OF THE DEFENDANTS SUED RESIDE;
6. ANY LOCATION AGREED TO IN A CONTRACT.
7. IN ANY ACTION FOR MONEY DUE, IF THERE IS NO AGREEMENT AS TO WHERE SUIT MAY BE FILED, WHERE PAYMENT IS TO BE MADE.

If you, as the defendant(s) believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on our court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff('s)(s') attorney, if any

A COPY OF THE STATEMENT OF CLAIM SHALL BE SERVED WITH THIS SUMMONS

MIAMI-DADE COUNTY DISTRICT COURT FACILITIES

ONS Justice Center Central Court (05)
20 NW 1st Ave
Room 6.240
Miami, Florida 33128

North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
Miami, Florida 33160

Hialeah District Court (21)
11 East 6th Street
Hialeah, Fl 33010

Coral Gables District (25)
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

Joseph Caleb Center Court (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, Florida 33142

South Dade Justice Center (26)
Room 1200
10710 S.W. 211 Street
Cutler Ridge, Florida 33189

FILED BY: Jimmy LAFAILLE
LOGIQUE Medical CARE Services
ADDRESS: ~~ConfiDENTIAL~~
1489 W Palmetto Park Road Fl 33486 S 410
PHONE: (561) 7026309

COPY: ☐ MAILED ☐ HAND-DELIVERED
TO: ☒ PLAINTIFF ☐ ATTORNEY
SERVED BY: ☐ MAIL ☒ SHERIFF
☐ PROCESS SERVER

JUAN FERNANDEZ-BARQUIN
CLERK OF THE COURT AND COMPTROLLER
OF MIAMI-DADE COUNTY
CIRCUIT AND COUNTY COURTS

BY: [signature]
DEPUTY CLERK

DATE
JUN 17 2026

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

In mediation, decision making rests with the parties. Negotiations in court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit to the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may approve a payment plan and may withhold judgment or executions or levy.

RIGHT TO VENUE. THE LAW GIVES THE PERSON OR COMPANY WHO HAS SUED YOU THE RIGHT TO FILE IN ANY ONE OF SEVERAL PLACES AS LISTED BELOW. HOWEVER, IF YOU HAVE BEEN SUED IN ANY PLACE OTHER THAN ONE OF THESE PLACES, YOU, AS THE DEFEDANT(S), HAVE THE RIGHT TO REQUEST THAT THE CASE BE MOVED TO A PROPER LOCATION OR VENUE. A PROPER LOCATION OR VENUE MAY BE ONE OF THE FOLLOWING:

1. WHERE THE CONTRACT WAS ENTERED INTO;
2. IF THE SUIT IS ON UNSECURED PROMISSORY NOTE, WHERE THE NOTE WAS SIGNED OR WHERE THE MAKER RESIDES
3. IF THE SUIT IS TO RECOVER PROPERTY OR TO FORECLOSE A LEIN, WHERE THE PROPERTY IS LOCATED;
4. WHERE THE EVENT GIVING RISE TO THE SUIT OCCURRED;
5. WHERE ANY ONE OR MORE OF THE DEFENDANTS SUED RESIDE;
6. ANY LOCATION AGREED TO IN A CONTRACT.
7. IN ANY ACTION FOR MONEY DUE, IF THERE IS NO AGREEMENT AS TO WHERE SUIT MAY BE FILED, WHERE PAYMENT IS TO BE MADE.

If you, as the defendant(s) believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on our court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff('s)(s') attorney, if any.

A COPY OF THE STATEMENT OF CLAIM SHALL BE SERVED WITH THIS SUMMONS

MIAMI-DADE COUNTY DISTRICT COURT FACILITIES

ONS Justice Center Central Court (05)
20 NW 1st Ave
Room 6.240
Miami, Florida 33128

North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
Miami, Florida 33160

Hialeah District Court (21)
11 East 6th Street
Hialeah, Fl 33010

Coral Gables District (25)
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

Joseph Caleb Center Court (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, Florida 33142

South Dade Justice Center (26)
Room 1200
10710 S.W. 211 Street
Cutler Ridge, Florida 33189

FILED BY: Jimmy Lafalle
ADDRESS: Lognque Medical Care Services
1489 W Palmetto Park Road Suite 410 BOCA RATON Fl 33486
Confidential
PHONE: (561) 702 6305

COPY: ☐ MAILED ☐ HAND-DELIVERED
TO: ☒ PLAINTIFF ☐ ATTORNEY
SERVED BY: ☐ MAIL ☒ SHERIFF ☐ PROCESS SERVER

JUAN FERNANDEZ-BARQUIN
CLERK OF THE COURT AND COMPTROLLER
OF MIAMI-DADE COUNTY
CIRCUIT AND COUNTY COURTS

BY: Willie Altai
DEPUTY CLERK

DATE
JUN 17 2026

# AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."